Final decree was entered in this foreclosure suit on September 3d 1942, and pursuant thereto a writ of execution was issued on September 15th, 1942, and delivered to the sheriff of Monmouth County who advertised the mortgaged premises for sale to be held on October 26th, 1942. Prior to the entry of the final decree the affidavit of non-military service required by the Soldiers' and Sailors' Civil Relief Act of 1940 was duly filed with the clerk of this court. The complainant now files this petition alleging that on or about October 14th, 1942, its solicitors received a letter from one of the defendants stating
"This is to inform you that my husband, Mr. Herman Zacks is now in the armed forces of our Country, and that he has been in the forces for the last 3 weeks."
The petition also alleges that the defendant, whose name was signed to the letter, is the owner of a one-sixth interest *Page 478 
in the mortgaged premises, and that her husband, Herman Zacks, is entitled to an inchoate right of curtesy therein. The prayer of the petition is that a solicitor be appointed to represent the defendant now in military service in accordance with the provisions of the act above referred to, and that this court by its order direct the said sheriff to proceed with the sale of the mortgaged premises pursuant to the directions of the writ of execution. On the filing of this petition counsel for the petitioner asked for an order to show cause directed to said defendant in military service with a provision for service upon the solicitor to be assigned pursuant to the prayer of the petition.
The original Soldiers' and Sailors' Civil Relief Act of 1940, in section 302, subdivision 3, provided as follows:
"No sale under a power of sale or under a judgment entered upon warrant of attorney to confess judgment contained in any such obligation shall be valid if made during the period of military service or within three months thereafter, unless upon an order of sale previously granted by the court and a return thereto made and approved by the court."
By an amendment to that act, approved October 6th, 1942, that section was amended to read as follows:
"No sale, foreclosure, or seizure of property for nonpayment of any sum due under any such obligation or for any other breach of the terms thereof, whether under a power of sale, under a judgment entered upon warrant of attorney to confess judgment contained therein, or otherwise, shall be valid if made after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 and during the period of military service or within three months thereafter, except pursuant to an agreement as provided in Section 107, unless upon an order previously granted by the court and a return thereto made and approved by the court."
It is because of this amendment which broadened the scope of the original act, and the uncertainty thereby engendered as to the right of the sheriff to proceed with the sale as advertised, that this application is made; and it is suggested that no judicial sale may proceed until after the return of an additional order such as is here applied for. But in my judgment *Page 479 
no additional order is necessary. Stripped of verbiage not here pertinent, this section as amended provides that "no sale * * * shall be valid if made after the date" of such amendment "unless upon an order previously granted by the court and a return thereto made and approved by the court." Severe penalties are prescribed for the violation of this prohibition, hence the desire of counsel for complainant and the sheriff to proceed cautiously. Obviously, it was not intended that this act should afford greater protection to a defendant entering military or naval service after the commencement of a foreclosure suit than to one who enters before. In the latter case the court must appoint a solicitor to protect such defendant's interest; but in the former he must protect himself until his entry into such service. In neither case will final decree be stayed unless a valid defense is interposed.
The question as to whether or not an additional order is necessary at this stage of the proceedings turns, it seems to me, upon the construction to be placed upon the words "order previously granted" in the above quoted excerpt from the amending act. As there used, I think it means an order granted previous to the commencement of the military service. It should be so construed in the amending act. To say that these words mean previous to the enactment of the amending act, would strip them of any meaning in the original text. To confine their application to the sale alone would, in many cases, defeat the very purpose of the act which, as I read it, is to protect our soldiers and sailors from involuntary defaults due to their service in our armed forces. But in any event, it seems to me that the requirements of the act as amended are here met, by the final decree which directed the issuance of the writ of execution, and the writ of execution which is the sheriff's authority for the sale, both of which were issued prior to this defendant's entry into military service and prior to the approval of the amending act. After the sale has been held, the sheriff, in accordance with the usual practice, will report such sale to the court thereby complying with the requirement for a return to the order of sale as contained in the writ of execution; and the *Page 480 
order of confirmation, when entered in accordance with the usual procedure, will constitute the required approval by the court. The prohibition of this amendment is not against the sale — it affects only the validity thereof; and of course a foreclosure sale is not complete until confirmation. If I am correct in my construction of the language of the amending act above quoted, there is no necessity for an order to show cause on the present petition and the application is therefore denied.